IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

**ERIC TERRY,**

    **Petitioner,**

v.                                    Civil Action No. 2:03cv733

**GENE M. JOHNSON, Director of the
Virginia Department of Corrections,**

    **Respondent.**

## OPINION and ORDER

This matter comes before the court on the petitioner's "Motion For Relief From Judgment or Order Pursuant to Rule 60(b) and (b)(6) of the Federal Rules of Civil Procedure", filed on September 28, 2005, and his request for a hearing on such motion filed on October 27, 2005. The petitioner claims that the court erred in concluding that the petitioner was not entitled to tolling of the statute of limitations for filing his federal habeas petition. The court has reviewed the petitioner's supporting memorandum and attached exhibits and finds that a hearing is unnecessary for the resolution of the issues presented. For the reasons stated herein and in this court's September 28, 2004 order, the motion for relief is **DISMISSED**.

I. Procedural History

On November 29, 1999, the petitioner was convicted in the Circuit Court for the City of Danville of possession of cocaine with intent to distribute. On January 4, 2000, the petitioner was sentenced to ten years imprisonment, with six years suspended on the condition that he serve four years in prison. On August 2, 2000, the Virginia Court of Appeals denied the petitioner's appeal, and

1

on October 12, 2000, a three judge panel also denied the appeal. On March 7, 2001, the Supreme Court of Virginia denied the petitioner's appeal, and on April 20, 2001, the court also denied a petition for rehearing.

On April 22, 2002, the petitioner, by counsel, filed a petition for writ of habeas corpus in the Danville Circuit Court. This was the last possible day that the petitioner could file such petition in the state court. However, the petition was not actually filed because petitioner's counsel neglected to timely pay the filing fee.[1] On May 16, 2002, the petitioner moved to proceed pro se. On May 28, 2002, after the filing fee was paid, the circuit court filed the petition. On August 19, 2002, the court dismissed the petition as untimely. On July 17, 2003, the Supreme Court of Virginia refused the petitioner's appeal of the dismissal of his state petition.

On October 14, 2003, the petitioner filed a petition pursuant to 28 U.S.C. § 2254 in this court. The matter was referred to a United States Magistrate Judge for a report and recommendation. The magistrate judge determined that the section 2254 petition was barred by the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as provided in 28 U.S.C. § 2244(d)(1), and that the petitioner's claims were procedurally defaulted. Accordingly, the report and recommendation of the magistrate judge issued on July 26, 2004 recommended that the section 2254 petition be dismissed.

The petitioner filed objections to the report and recommendation, including that the magistrate judge erred in determining that he had failed to comply with the AEDPA limitation period. This court considered these objections but determined, by final order dated September 28,

---

[1] Petitioner's counsel has since been disbarred and convicted of perpetrating a fraud, by mail, on inmates by collecting fees for the pursuit of habeas relief and not doing the work.

2004, that the magistrate judge had correctly calculated that the petitioner's section 2254 petition was time barred. Accordingly, the court adopted and approved the factual findings and conclusions of law set forth in the report and recommendation of the magistrate judge.

On October 12, 2004, the petitioner appealed the September 28, 2004 order to the United States Court of Appeals for the Fourth Circuit. On February 15, 2005, the Court of Appeals denied the petitioner a certificate of appealability and dismissed his appeal. On May 31, 2005, the Supreme Court of the United States denied a petition for writ of certiorari. On September 28, 2005, the petitioner filed the instant motion for relief pursuant to Rule 60(b).

### III. Discussion

The petitioner once again returns to this court with his claim that the court erred in finding that his federal petition was barred by the AEDPA one-year limitation period. Specifically, the petitioner claims that, in determining whether the limitation period should have been tolled, this court failed to properly consider the impediment caused by the Circuit Court's filing of his state petition "by counsel" and his counsel's failure to pay the filing fee.

In making this motion for relief from judgment, the petitioner alleges a defect in the collateral review process that the court will consider under Rule 60(b). United States v. Winestock, 340 F.3d 200, 203 (4th Cir. 2003); see also Gonzalez v. Cosby, 125 S.Ct. 2641 (2005). Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding based on a number of reasons, including mistake, newly discovered evidence, fraud, etc. See Fed. R. Civ. P. 60(b). Specifically, Rule 60(b)(6), . . . "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez, 125 S.Ct. at 2646 (citations omitted).

3

The "'rationale underlying the use of Rule 60(b) is to permit the district court to correct an erroneous judgment and thereby avoid the necessity of an appeal.'" Bradley v. United States, 51 F. Supp. 2d 696, 697 (W.D.N.C. 1999) (quoting Freschi v. Grand Coal Venture, 103 F.R.D. 606, 608 (S.D.N.Y. 1984)). Relief under Rule 60(b)(6) is an extraordinary remedy and should only be invoked upon a showing of extraordinary circumstances. See Gonzalez,125 S.Ct. at 2649. Rule 60(b), however, does not authorize a motion merely for reconsideration of a legal issue. Bradley, 51 F. Supp. 2d at 698 (citing CNF Constructors, Inc. v. Donohoe Constr. Co., 57 F.3d 395, 400 (4th Cir. 1995)).

The court finds that the instant motion merely voices the petitioner's dissatisfaction with the court's decision to dismiss his section 2254 motion as time barred. In doing so, the petitioner repeats and recasts the same arguments addressed and disposed of by the court in its September 28, 2004 order adopting the July 26, 2004 recommendation of the magistrate judge. However, in keeping with the policy behind Rule 60(b), the court has reviewed its order of September 28, 2004. The court finds that the dismissal of the petitioner's section 2254 motion was in accord with the relevant facts and controlling law of the Supreme Court and the United States Court of Appeals for the Fourth Circuit.

Under 28 U.S.C. § 2244(d)(2), the time during which a *properly filed* application for state post-conviction relief is pending shall not be counted toward any period of limitation for filing a federal habeas petition. 28 U.S.C. § 2244(d)(2). In its September 28, 2004 order, this court concluded that because the petitioner's state habeas petition was not properly filed in the state court, the petitioner was not entitled to statutory tolling of the one-year statute of limitations for filing a federal habeas petition. However, the petitioner now argues that this court erred by finding that the petitioner was not entitled to tolling because "the Danville Circuit Court Clerk had determined that

petitioner's 'state habeas petition' was 'not properly filed because it was signed by counsel, but not petitioner." (Petitioner's Memo. at 4.) The petitioner argues that the court erred by failing to realize that the true reason that his state petition was not properly filed was because his counsel failed to pay the filing fee.

In addition, the petitioner contends that this court erred by not recognizing that the circuit court erred in filing his state petition by counsel, instead of pro se, which kept the petitioner from receiving notice that his counsel failed to pay the filing fee. Such error caused his petition to be improperly filed, which subsequently denied him the tolling provisions of 28 U.S.C. 2244(d)(2) with regard to the filing of his federal petition. The petitioner submits a May 29, 2002 order from the Circuit Court in Danville, which he claims supports his claim that he is entitled to tolling of the statute of limitations.

With regard to the petitioner's first argument, the petitioner is incorrect in stating that this court found that the petition was not properly filed because the petition was signed by counsel, but not by the petitioner. In this court's September 28, 2004 order, this court explicitly acknowledges that the reason that the state petition was not properly filed was because the filing fee was not paid. (Order at 4.) Thus, the petitioner has misinterpreted the court's analysis in its September 28, 2004 order.

With regard to the petitioner's second argument, which was previously addressed in this court's prior order, the fact that the circuit court clerk filed the counsel prepared petition "by counsel", instead of pro se, as the petitioner claims should have been done, does not change the fact that the petition was improperly filed because the filing fee was not timely paid. Although the petitioner blames the clerk's failure to notify him for his improperly filed petition, the fact remains

5

that the petitioner is not entitled to tolling because the petitioner had time to file a federal petition within the statute of limitations period, even after he realized the filing fee for his state petition had not been paid. In other words, the petitioner was not prejudiced by such alleged errors because the petitioner had until July 19, 2002 to file a federal habeas petition within the statute of limitations. Thus, the petitioner has failed to show that there was any extraordinary circumstance beyond his control that prevented him from filing his federal petition even after he discovered his filing fee had not been paid. In addition, from April 20, 2001, the date the Supreme Court of Virginia denied a petition to rehear his appeal, until April 22, 2002, the last date he could file such petition, the petitioner did not file either a state or federal habeas petition. Such delay does not entitle the petitioner to equitable tolling of the statute of limitations.

Finally, the court finds unpersuasive the petitioner's claim that the May 29, 2002 order from the Circuit Court in Danville supports his argument that he is entitled to tolling of the statute of limitations. The May 29, 2002 order simply states that the petitioner filed a habeas petition "by counsel" and orders the respondent to show cause as to why such writ should not be issued. The petitioner places great emphasis on the fact that this order states that the petition was filed "by counsel." However, the fact that the May 29, 2002 order shows that the clerk filed his petition "by counsel" does not change the fact that the petitioner failed to file a federal petition within the statute of limitations period, even after he realized that his counsel had failed to pay the state court filing fee. Thus, he is not entitled to tolling of the statute of limitations. Furthermore, petitioner's reliance on <u>Artuz v. Bennett</u>, 531 U.S. 4 (2000) is misplaced, as <u>Artuz</u> addresses petitions that a court erroneously deems improperly filed based on procedural default, not petitions that are improperly filed for failure to pay a filing fee. Accordingly, the petitioner's "Motion For Relief From Judgment

6

or Order Pursuant to Rule 60(b) and (b)(6) of the Federal Rules of Civil Procedure" is **DISMISSED** and his request for a hearing is **DENIED**.

The court advises the petitioner that he may appeal from this final Order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia, 23510 within thirty (30) days from the date of this Order.

The Clerk is **REQUESTED** to mail a copy of this Order to the petitioner and to counsel for the respondent.

**IT IS SO ORDERED.**

/s/
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
December 16th, 2005